ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| PUEBLO DE PUERTO RICO

Recurrido

v.

JUAN MANUEL RODRÍGUEZ SELLÉS

Peticionarios | KLAN202400055 | APELACIÓN, acogido como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas

Caso Núm.
E LA2022G0064
E LE2022G0140

Por:
Art. 6.06 de la ley de Armas; Art. 3.2 B Ley 54 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres; la Jueza Rivera Pérez y el Juez Campos Ramos

Rivera Pérez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparecen ante nos el Sr. Juan Rodríguez Sellés (en adelante, Sr. Rodríguez Sellés o parte peticionaria) mediante escrito intitulado *Apelación Criminal por Derecho Propio y en Forma Pauperis*, el cual acogemos como uno de *certiorari*[1] y conservamos el alfanumérico asignado para propósitos administrativos. En su recurso de *certiorari,* la parte aquí peticionaria solicita la revocación de la *Sentencia* dictaminada por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI o foro primario) el 20 de diciembre de 2023, notificada el 29 de diciembre de 2023.[2]

Por los fundamentos que exponemos a continuación, desestimamos el recurso de epígrafe por incumplimiento con nuestro Reglamento.

---

[1] Véase: Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, 34 LPRA Ap. II, R. 193, la cual establece que en casos de alegación de culpabilidad el mecanismo para la revisión de dichos dictámenes es únicamente mediante el mecanismo del *certiorari.*
[2] Debido a que la parte aquí peticionaria no acompañó copia de la sentencia ni de su notificación tomamos conocimiento judicial de las mismas.

Número Identificador

RES2024_____

**I**

Mediante el dictamen impugnado el foro primario dictó *Sentencia,* luego de que el Sr. Rodríguez Sellés hiciera alegación de culpabilidad y de que hubiera evaluado su voluntariedad, con conocimiento de los delitos imputados y las consecuencias de su alegación, lo declaró culpable de infracción al Artículo 6.06 de la Ley Núm. 168-2019, según enmendada, conocida como *"Ley de Armas de Puerto Rico de 2020"*, 25 LPRA sec. 466e, y del Artículo 3.2 B de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como *"Ley para la Prevención e Intervención con la Violencia Doméstica"*, 8 LPRA sec. 632. El foro primario le impuso una pena de ocho (8) años de cárcel por el caso **E LE2022G0140**, y seis (6) años de cárcel en el caso **E LA2022G0064** a ser cumplidas de forma consecutivas entre sí para un total de catorce (14) meses. Además, le impuso el pago de trescientos dólares ($300.00) de la pena especial, por cada caso, en virtud del Artículo 61 del Código Penal, 33 LPRA sec. 5094, y ordenó su registro en el *Registro de Personas Convictas por Violaciones a la Ley de Prevención e Intervención con la Violencia Doméstica.*

Inconforme, la parte peticionaria presentó el 18 de enero de 2024 recurso de *certiorari,* en el cual planteó la comisión de los siguientes errores:

A.  ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRARME CULPABLE EN VIRTUD DE UNA PRUEBA QUE NO DERROTÓ MI PRESUNCIÓN DE INOCENCIA Y MUCHO MENOS ESTABLECIÓ MI CULPABILIDAD MÁS ALLÁ DE DUDA RAZONABLE.

B.  ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCI[Ó]N DE ARRESTO DEL VEREDICTO[,] VIOLENTANDO EL DERECHO CONSTITUCIONAL A UN DEBIDO PROCESO DE LEY.

C.  ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO IMPARTIR LAS INSTRUCCIONES AL JURADO SOLICITADAS POR EL ABOGADO DE

DEFENSA VIOLENTANDO EL DERECHO A UN JUICIO JUSTO E IMPARCIAL.

D. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ADMITIR UNAS FOTOS Y OBJETADAS POR LA DEFENSA SIENDO ALTAMENTE INFLAMATORIAS VIOLENTANDO EL DERECHO A UN JUICIO JUSTO E IMPARCIAL.

E. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE ABSOLUCIÓN PERETORIA POR LAS ACUSACIONES NO IMPUTAR DELITO VIOLENTANDO EL DEBIDO PROCESO DE LEY Y EL DERECHO A UN JUICIO JUSTO E IMPARCIAL.

F. ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL JUEZ QUE PRESIDI[Ó] EL JUICIO POR JURADO INTERFERIR EN M[Ú]LTIPLES OCASIONES EN PRESENCIA DEL JURADO CON TRABAJO Y EL CONTRAINTERROGATORIO DEL ABOGADO DE DEF[E]NSA VIOLENTANDO EL DERECHO A UN JUICIO JUSTO E IMPARCIAL.

G. NO RENUNCIO AL DERECHO DE PODER PRESENTAR ERRORES ADICIONALES DE DERECHO ANTE ESTE HONORABLE TRIBUNAL DE APELACIONES, TRAS LA DEBIDA EVALUACIÓN DEL EXPEDIENTE DE INSTANCIA Y LA TOTALIDAD DE LA PRUEBA ORAL DESFILADA DURANTE EL JUICIO EN SU FONDO, POR EL ABOGADO APELATIVO A QUIEN LE ASIGNE EL PRESENTE CASO. (*HENDERSON V. US[,]* 133 S Ct. 1121; 2013 Y *PUEBLO V. SOTO [RÍOS,]* 95 [DPR] 483; 1967).

Es importante puntualizar que la parte aquí peticionaria no acompañó su recurso con ningún anejo y, aunque expone siete (7) errores, ninguno guarda relación con dictámenes de alegación de culpabilidad.

Por tanto, examinado el expediente a la luz del derecho vigente, y en atención a la determinación que llegamos, determinamos resolver sin la comparecencia del Procurador General. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5). La norma esbozada provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". *Id.*

## II

## A.

Sabemos que la jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Metro Senior v. AFV,* 209 DPR 155 (2022); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). La jurisprudencia del Foro Más Alto ha dictado reiteradamente que los tribunales tienen el deber ineludible de verificar la existencia de jurisdicción, *motu proprio,* sin necesidad de un señalamiento previo de alguna de las partes en el litigio. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003).

La falta de jurisdicción de un tribunal no es subsanable, por lo que el tribunal está impedido de asumir la jurisdicción, a su discreción, donde no la hay. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007); *Souffront v. A.A.A.*, 164 DPR 663 (2005). De igual manera, las partes no pueden voluntariamente conferirle o abrogarle jurisdicción al tribunal.

Por consiguiente, al determinar que no se tiene jurisdicción, el tribunal tiene que desestimar la reclamación ante sí, sin entrar a resolverla en sus méritos. Esto se fundamenta en que, si un tribunal dicta una sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
>> (1) que el Tribunal de Apelaciones carece de jurisdicción;

[...]

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.** (Énfasis nuestro.)

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. *Cordero et al. v. ARPe et al.*, supra. Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, *supra*.

**B.**

Cuando un ciudadano hace alegación de culpabilidad, renuncia a valiosos derechos constitucionales relacionados con el juicio y, consustancialmente, con el debido proceso de ley, entre ellos, el derecho a que se pruebe su culpabilidad más allá de duda razonable, el derecho a un juicio justo, imparcial y público, el derecho a ser juzgado ante un juez o jurado, y el derecho a presentar evidencia a su favor y rebatir la evidencia presentada en su contra. *Pueblo v. Román Mártir*, 169 DPR 809, 821 (2007); *Pueblo v. Montero Luciano*, 169 DPR 360 (2006). No obstante, tal alegación no implica una renuncia total al derecho constitucional a un debido proceso de ley. Se reconoce que un ciudadano convicto mediante alegación de culpabilidad podría atacar dicha convicción y la sentencia dictada de conformidad a través de un recurso de *certiorari*, o colateralmente, a través de procedimientos posteriores a la

sentencia, tales como la moción bajo la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, y el recurso de *habeas corpus*, si cuenta con un planteamiento o defensa meritoria de debido proceso de ley. *Íd.*

La Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, dispone lo siguiente:

> Las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado en la forma prescrita por estas reglas. En estos casos, el acusado podrá establecer una apelación para ante el Tribunal de Circuito de Apelaciones, **excepto en los casos de convicción por alegación de culpabilidad, en los cuales procederá únicamente un recurso de *certiorari*, en cuyo caso el auto será expedido por el Tribunal de Circuito de Apelaciones a su discreción.** La solicitud de *certiorari* deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. Este término es jurisdiccional.
>
> El término para formalizar el recurso de *certiorari* se calculará a partir de la fecha del depósito en el correo cuando ésta sea distinta a la fecha de archivo en autos de copia de la notificación de la sentencia. Cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia, el término se calculará a partir de ese momento. (Énfasis suplido).

Según se estableció en *Pueblo v. Román Mártir*, *supra*, y en *Pueblo v. Santiago Agricourt*, 147 DPR 179, 211 (1998), una sentencia dictada a raíz de una alegación de culpabilidad es revisable mediante un recurso de *certiorari*, librado discrecionalmente, para examinar un ataque a: **(1) la suficiencia de la acusación, (2) la jurisdicción del tribunal sentenciador, y (3) para plantear alguna irregularidad en el pronunciamiento de la sentencia.**

Además, el hecho de que un acusado haya sido convicto mediante una alegación de culpabilidad no impide que éste ataque directamente la validez de la alegación, **cuando es el resultado de coacción o cuando un tribunal incumple su deber de investigar asuntos requeridos por la Constitución o por la ley.** *Pueblo v. Román Mártir*, supra. Asimismo, un convicto por alegación de

culpabilidad puede impugnar colateralmente su sentencia **si no fue producto de una decisión inteligente.** *Íd.: Pueblo v. Santiago Agricourt,* supra. Véase, además, *Pueblo v. Torres Medina,* 211 DPR 950 (2023) (Sentencia).

Por su parte, la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33 (B), establece el requisito de notificar el recurso de *certiorari* a las partes. En lo pertinente, esta Regla dispone lo siguiente:

> La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. [...].

En lo aquí pertinente, la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34, dispone todo lo relacionado al contenido que deberá tener toda solicitud de *certiorari.* Esta Regla establece lo siguiente:

> El escrito de *certiorari* contendrá:
>
> (A) Cubierta
>
> [...]
>
> (B) Índice
>
> Inmediatamente después, habrá un índice detallado de la solicitud y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.
>
> (C) Cuerpo
>
> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> > (a) En la comparecencia, el nombre de las partes peticionarias.
> >
> > [...]
> >
> > (c) **Una referencia a la decisión cuya revisión se solicita**, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; [...].

**(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.**

**(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.**

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**

(g) […].

[…]

**(E) Apéndice**

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá **una copia literal** de:

(a) Las alegaciones de las partes, a saber:

[…]

**(ii) en casos criminales, la denuncia y la acusación, si la hubiere.**

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, **y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.**

(**c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.**

**(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.**

**(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.**

(2) […].

Es norma trillada de derecho que las partes-incluso los que comparecen por derecho propio-tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro

apelativo. *Febles v. Romar*, 159 DPR 714, 722 (2003). Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Hernández Jiménez et al. v. AEE et al.,* 194 DPR 378, 382-383 (2015). Ello, debido a la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso a tenor de los preceptos de la ley vigentes y de nuestro reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356, 367 (2005).

### III

De la evaluación del escrito de *certiorari* surge patentemente que de su faz incumple con las disposiciones de la Regla 34 de nuestro Reglamento, *supra.* Al respecto, la parte aquí peticionaria en su escrito de *certiorari* alega que acude ante nos de una Sentencia dictada por el foro primario el 20 de diciembre de 2023, luego de la celebración de un juicio por jurado del 13 de febrero de 2023 al 13

de octubre de 2023. Sin embargo, de la Sentencia revisada surge que el Sr. Rodríguez Sellés hizo alegación de culpabilidad el día 20 de diciembre de 2023 según los delitos imputados.

Por tanto, de conformidad a lo establecido en *Pueblo v. Román Mártir, supra,* y en *Pueblo v. Santiago Agricourt,* supra, una sentencia dictada a raíz de una alegación de culpabilidad es revisable mediante un recurso de *certiorari,* librado discrecionalmente, para examinar un ataque a: **(1) la suficiencia de la acusación, (2) la jurisdicción del tribunal sentenciador, y (3) para plantear alguna irregularidad en el pronunciamiento de la sentencia.** Asimismo, un convicto por alegación de culpabilidad puede impugnar colateralmente su sentencia **si no fue producto de una decisión inteligente.** *Íd.*: *Pueblo v. Santiago Agricourt,* supra.

De los errores señalados por el Sr. Rodríguez Sellés ninguno versa sobre errores que se pueden plantear cuando se hace una alegación preacordada.  Por el contrario, la parte aquí peticionaria plantea errores que versan sobre que no se probó su culpabilidad más allá de duda razonable, arresto de veredicto, instrucciones al jurado, admisión de prueba y solicitud de absolución perentoria todos incompatibles con la alegación pre acordada.

Por último, hay que destacar con el recurso presentado la parte peticionaria no incluyó ningún anejo, señaló errores incompatibles con la revisión de dictámenes de alegaciones pre acordadas, por lo que se incumplió crasamente con las disposiciones reglamentarias e impide a esta Curia ejercer adecuadamente nuestra función revisora.

Por tanto, procede la desestimación del auto de *certiorari* por incumplimiento al Reglamento.  Ante los múltiples defectos de que adolece el presente recurso, nos vemos impedidos de ejercer nuestra función revisora sobre el mismo.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe por incumplimiento con nuestro Reglamento y por no satisfacer los criterios normativos para un auto de esta naturaleza. Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones